UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TERREAL DAVIS,

    Petitioner,

Case No. 2:22-cv-12450

HONORABLE STEPHEN J. MURPHY, III

v.

GEORGE STEPHENSON,

    Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

Petitioner Michael Terreal Davis, an inmate at the Macomb Correctional Facility in New Haven, Michigan, requested the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Petitioner challenged his convictions for second-degree murder, unlawful imprisonment, and possession of a firearm in the commission of a felony. *See id.*; Mich. Comp. Laws § 750.317; Mich. Comp. Laws § 750.349b; Mich. Comp. Laws § 750.227b. For the reasons below, the Court will deny the petition.

**BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. *See* ECF 1, PgID 1. "[Petitioner's] convictions arise out of the murder of Delano Applewhite." *People v. Davis*, No. 337221, 2018 WL 3551573, at *1 (Mich. Ct. App. July 24, 2018). Petitioner "accused Applewhite and Applewhite's girlfriend of selling him heroin that had been mixed with an additive. He ordered both into the trunk of

1

his vehicle and began driving." *Id.* While Petitioner was driving, "Applewhite managed to open the trunk and jump out. He began running across a vacant field, and [Petitioner's] girlfriend (who had been following Davis's vehicle in her own vehicle) attempted to run him over to keep him from escaping. Applewhite was able to slide over the hood of her vehicle and continue running; however, as he was fleeing [Petitioner] shot him three times and Applewhite died." *Id.*

Petitioner was charged with first-degree murder, two counts of unlawful imprisonment, one count of torture, and felony-firearm. *Davis v. Haas,* No. 2:17-cv-14046, 2018 WL 2363928, at *1 (E.D. Mich. May 24, 2018). At Petitioner's first trial, the jury acquitted him of first-degree murder and torture and informed the judge that they could not reach a verdict on the remaining counts, including the lesser included offense of second-degree murder on the original first-degree murder charge. *Id.* Over defense counsel's objection, the judge declared a mistrial. *Id.*

Following a re-trial, a jury convicted Petitioner of second-degree murder and the remaining charges. *Id.* Petitioner's conviction was affirmed but the case was remanded for re-sentencing. *People v. Davis*, No. 325565, 2016 WL 3005610 (Mich. Ct. App. May 24, 2016). Petitioner's sentence for his second-degree murder conviction was reduced on remand. *See Davis*, 2018 WL 3551573, at * 1 (Mich. Ct. App. July 24, 2018) (per curiam). Petitioner appealed, and the Michigan Court of Appeals reversed the sentence reduction. *Id.* at 2. Petitioner's original sentence of twenty-eight to fifty years for second-degree murder was then reinstated and the Michigan appellate court

affirmed the sentence. *People v. Davis*, No. 349549, 2020 WL 6816511 (Mich. Ct. App. Nov. 19, 2020).

Petitioner filed his first habeas corpus petition while his second appeal was pending before the Michigan Court of Appeals. Judge Arthur Tarnow denied the petition but granted Petitioner a certificate of appealability. *Haas*, 2018 WL 2363928, at *1. The Sixth Circuit reversed Judge Tarnow's decision for lack of subject matter jurisdiction and remanded the case for the district court to dismiss without prejudice. *Davis v. Warren*, No. 18-1768, 2019 WL 3035577, at *1 (6th Cir. 2019).

Petitioner now seeks habeas relief on the following grounds: (1) the trial court denied Petitioner his right to a fair trial by denigrating defense counsel and holding her in contempt in front of the jury; (2) Petitioner was retried in violation of double jeopardy; (3) the trial court erroneously scored several offense variables under Michigan's sentencing guidelines; and (4) the trial court violated Petitioner's Eighth and Fourteenth Amendment rights when he was charged and convicted of an additional count of unlawful imprisonment on retrial. ECF 1.

## LEGAL STANDARD

28 U.S.C. § 2254(d) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d) (cleaned up).

A decision of a State court is "contrary to" clearly established federal law if the court arrives at a conclusion that contradicts the Supreme Court on a question of law or if the State court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A "federal habeas court making the 'unreasonable application' inquiry should ask whether the [S]tate court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. It may not "issue the writ simply because that court concludes in its independent judgment that the relevant [S]tate-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Indeed, "a [S]tate court's determination . . . precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

## DISCUSSION

Petitioner raised four arguments in his petition. *See* ECF 1. The Court will address each argument in turn.

I. <u>Judicial Misconduct</u>

Petitioner first argued that the trial judge denied him a fair trial by engaging in judicial misconduct. ECF 1, PgID 5. But Petitioner failed to object to the alleged misconduct at trial and therefore failed to preserve the issue. *See Davis*, 2016 WL 3005610, at * 1. The Michigan Court of Appeals accordingly reviewed the claim for

4

plain error only. *Id.* Finding no plain error, that court rejected the claim. *Id.* at * 1–2. When State courts rely on a valid State procedural bar, federal habeas review is also barred, unless Petitioner can demonstrate either (1) "cause" for the default and actual prejudice because of the alleged constitutional violation, or (2) that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).

Here, the State courts relied on a valid State procedural bar.[1] Michigan law requires defendants in criminal cases to present their claims in the trial courts to preserve them for appellate review. *See People v. Carines,* 460 Mich. 750, 761–64 (1999). The preservation requirement applies to judicial bias or misconduct claims. *See Dothard v. Palmer*, No. 16-2288, 2017 WL 3046327, at *3 (6th Cir. 2017) (petitioner procedurally defaulted on a judicial misconduct claim where the petitioner failed to object at the trial court level). Because Petitioner did not object at trial, Petitioner's judicial misconduct claim is procedurally defaulted, and he must demonstrate cause for his procedural default. *See Coleman*, 501 U.S. at 724.

But Petitioner failed to show cause for his procedural default. Specifically, Petitioner failed to raise an excuse for the default, *see* ECF 1, and thus "forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020). And because Petitioner failed to show cause for his procedural default, the

---

[1] The fact that the Michigan Court of Appeals engaged in plain error review of the judicial misconduct claim is not a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Rather, the Court views the Michigan courts' plain error review as an enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

5

Court need not reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner also did not show that failure to consider the claim would result in a fundamental miscarriage of justice. In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Id.* at 537–38. Such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). But Petitioner did not present any new, reliable evidence to support an assertion of innocence. *See* ECF 1. The Court thus may not consider his defaulted claim as a ground for a writ of habeas corpus. Accordingly, Petitioner is not entitled to relief on his first claim.

II. <u>Double Jeopardy</u>

Petitioner next argued that the State judge erred in declaring a mistrial. ECF 1, PgID 7. Petitioner thus claimed that his second trial and conviction violated the Double Jeopardy Clause. *Id.* The Fifth Amendment's Double Jeopardy Clause provides that no criminal defendant shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The 'double jeopardy' bar forbids double punishment for the same offense" and "protects a criminal defendant from being retried by the same sovereign for the same offense, where the defendant prevailed in an earlier proceeding." *United States v. Foster*, 945 F.3d 470, 474 (6th

6

Cir. 2019) (citations omitted). "Unlike the situation in which the trial has ended in an acquittal or conviction," the Double Jeopardy Clause does not automatically bar retrial when a criminal trial is terminated without a final resolution, so long as there is a "manifest necessity" for declaring a mistrial. *Arizona v. Washington*, 434 U.S. 497, 505 (1978). A trial judge's belief that a jury is "genuinely deadlocked" is the "basis for a proper mistrial." *Id.* at 509.

The Michigan Court of Appeals reasonably rejected Petitioner's Double Jeopardy claim because the trial Judge believed the jury was genuinely deadlocked. *See People v. Davis*, 2016 WL 3005610, at * 2−4 (citations omitted); *see also Renico v. Lett*, 559 U.S. 766, 772−73 (2010) (The relevant question in considering Petitioner's double jeopardy claim on habeas review is whether the State appellate court's determination that there was no abuse of discretion "was an unreasonable application of . . . clearly established Federal law"). The jury began its deliberations July 10, 2014, at 12:26 p.m. ECF 17-12, PgID 1295. On July 11, 2014, the jurors continually informed the judge that they could not reach a decision. *See* ECF 17-13, PgID 1300. The State judge gave a lengthy and detailed instruction advising the jury to continue to deliberate with the goal of reaching a unanimous verdict. *Id.* at 1300−05. Later that afternoon, the trial judge indicated that the jurors sent him a note stating again that they reached a verdict on only one charge and could not reach a decision on the other charges. *Id.* at 1307. The judge brought the jury into the courtroom and asked each juror individually if he or she believed further deliberations might result in a verdict. *Id.* at 1311. The judge ultimately sent the jurors back to the jury room for

7

further deliberations because two jurors indicated during the polling that additional deliberations might produce a verdict. *Id.* at 1312−13.

About an hour later, the jury sent another note stating that they were "surely deadlocked." *Id.* at 1315. The jury then confirmed that it reached a verdict of not guilty as to first degree murder, but that they could not reach a verdict on the lesser offense of second-degree murder or unlawful imprisonment or felony-firearm. *Id.* at 1317−18, 1321, 1323. The jurors' repeated communications that they would be unable to reach a verdict—especially after the judge twice encouraged them to continue deliberations—supports the conclusion that the trial judge "genuinely believed" the jurors were deadlocked. The judge's decision to declare a mistrial was thus proper. *See Renico,* 559 U.S. at 774, 778.

What is more, a trial judge should be "accorded great deference by a reviewing court" when determining whether a jury is deadlocked. *Washington,* 434 U.S. at 510. The Supreme Court "expressly declined to require the 'mechanical application' of any 'rigid formula' when trial judges decide whether jury deadlock warrants a mistrial." *Renico,* 559 U.S. at 775. The Supreme Court has "never required a trial judge, before declaring a mistrial based on jury deadlock, to force the jury to deliberate for a minimum period of time, to question the jurors individually, to consult with (or obtain the consent of) either the prosecutor or defense counsel, to issue a supplemental jury instruction, or to consider any other means of breaking the impasse." *Id.* Significantly, the Supreme Court has never "overturned a trial court's declaration of a mistrial after a jury was unable to reach a verdict on the ground that the 'manifest

8

necessity' standard had not been met." *Id.* (quoting *Winston v. Moore,* 452 U.S. 944, 947 (1981) (Rehnquist, J. dissenting)). Petitioner's second claim thus fails.

III. <u>Sentencing</u>

Petitioner next argued that the trial judge erroneously scored several offense variables under Michigan's sentencing guidelines. ECF 1, PgID 3–4. Petitioner's claim that the State trial court incorrectly scored or calculated his sentencing guidelines range is non-cognizable on federal habeas review because errors in the application of State sentencing guidelines do not support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Indeed, Petitioner has "no [S]tate-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner thus "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would therefore not merit habeas relief. *Id.*

Petitioner also claimed that the trial judge violated his Sixth Amendment right to a jury trial because the trial court considered factors in scoring the offense variables that had neither been proven beyond a reasonable doubt nor admitted by Petitioner. ECF 1, PgID 4. To be sure, any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103

9

(2013). But not every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

In response to *Alleyne*, the Michigan sentencing guidelines ceased to be mandatory; the guidelines are advisory only. *People v. Lockridge,* 498 Mich. 358, 389−91 (Mich. 2015). Now, "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich. at 397. Because Petitioner was sentenced under the mandatory guidelines, his case was remanded for the trial court to consider whether he would have imposed the same sentence without the guidelines. *People v. Davis*, 2016 WL 3005610, at * 5–7.

On remand, the trial court reduced Petitioner's sentence on the second-degree murder conviction from a range of twenty-eight to fifty years to a range of twenty-five to fifty years. *See Davis*, 2018 WL 3551573 at * 2. The trial court noted, however, that the sentence was reduced not because the guidelines were advisory but because of information about Petitioner's subsequent incarceration. *Id.* (noting that the court "believed it had originally sentenced Davis correctly"). The Michigan Court of Appeals again remanded the case, this time with instructions to reinstate the original sentence because the trial court improperly considered post-sentencing conduct in reducing petitioner's sentence. *Id.* In sum, Petitioner already received the relief to which he was entitled when the Michigan Court of Appeals remanded the case to the

trial judge. *See Dickens v. Chapman,* No. 19-1945, 2020 WL 832900, at * 3 (6th Cir. Jan. 15, 2020). Petitioner is not entitled to relief on his third claim.

IV. <u>Amended Information</u>

Last, Petitioner alleged that upon retrial, the prosecutor violated his Eighth and Fourteenth Amendment rights by adding an additional count of unlawful imprisonment. ECF 1, PgID 10. And Petitioner argued that counsel was ineffective for failing to object to the addition of the second unlawful imprisonment charge. *Id.* But it is not improper for a prosecutor to add additional charges after a mistrial is declared, so long as the decision to add the additional charges is based on objective evidence and is not motivated by prosecutorial vindictiveness. *See United States v. Poole*, 407 F.3d 767, 774−77 (6th Cir. 2005). Regardless, Petitioner's claim is meritless because he was charged with two counts of unlawful imprisonment at his first trial. ECF 17-12, PgID 1282−83.

Petitioner's related ineffective assistance of counsel claim is also without merit because an attorney's "failure to file a meritless motion or raise a groundless objection does not constitute defective performance." *Duval v. United States*, 372 F. Supp. 3d 544, 552 (E.D. Mich. 2019). For the reasons above, there was no basis for trial counsel to object to the two unlawful imprisonment charges at Petitioner's second trial. Similarly, appellate counsel was also not ineffective for failing to raise the objection on appeal. *See Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010). Petitioner is not entitled to relief on his fourth claim.

V.      <u>Certificate of Appealability</u>

Before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability, which may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *see* Fed. R. App. P. 22(b). Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

For the reasons above, the Court finds that Petitioner cannot make a substantial showing of the denial of a constitutional right with respect to his claim. *See* 28 U.S.C. § 2253(c)(2). The Court will therefore deny a certificate of appealability. The Court will similarly deny petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to file an appeal in forma pauperis is **DENIED**.

12

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 30, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2024, by electronic and/or ordinary mail.

s/ R. Loury  
Case Manager